UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER LEE AUER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. SACV 11-01411-JEM<br><br>MEMORANDUM OPINION AND ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER PROCEEDINGS |

**PROCEEDINGS**

On September 13, 2011, Roger Lee Auer ("Plaintiff or Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits and Supplemental Security Income benefits. The Commissioner filed an Answer on December 20, 2011. On February 21, 2012, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Appeals Council's denial of Plaintiff's appeal was erroneous and must be

reversed, and the case remanded for further proceedings in accordance with this Memorandum Opinion and Order and with law.

## BACKGROUND

Plaintiff is a 48 year old male who applied for Social Security Disability Insurance benefits on February 25, 2009, and Supplemental Security Income benefits on February 28, 2009, both applications alleging disability beginning August 1, 2007. (AR 56.) Plaintiff has not engaged in substantial gainful activity since that date. (AR 58.)

Plaintiff's claims were denied initially on May 8, 2009. (AR 56.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Joseph Lisiecki on March 25, 2010, in Los Angeles, California. (AR 22-50.) Claimant appeared and testified at the hearing, and was represented by counsel. (AR 56.) Medical expert Laura E. Levine and Frank Thomas Corso, Jr., a vocational expert ("VE"), also appeared at the hearing. (AR 56.) The ALJ issued an unfavorable decision on April 7, 2010. (AR 56-66.) The Appeals Council denied review on July 21, 2011. (AR 1-6.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ failed to consider properly Mr. Auer's shoulder impairment.
2. Whether the ALJ committed legal error in not considering the statements by M. Louise Auer and Randolph Brown.
3. Whether new and material evidence provided to the Appeals Council supports remand.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d

at 746. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").[1] 20 C.F.R. § 416.920(e). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p. If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since August 1, 2007, the alleged onset date. (AR 58.)

---

[1] Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

4

At step two, the ALJ determined that Plaintiff has the following combination of medically determinable severe impairments: degenerative disc disease, bipolar disorder, organic mental disorder, post traumatic stress disorder, and alcohol abuse, in remission. (AR 58. )

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 58.)

The ALJ then found that the Plaintiff had the RFC to perform light work, except with frequent bending and crouching and the following limitations:

> . . . no overhead work with the right upper extremity, limited to simple tasks with simple work-related decisions, and no more than occasional interaction with coworkers, supervisors and the general public.

(AR 59-60.) In determining this RFC, the ALJ also made an adverse credibility determination, which is not challenged. (AR 60.) There also was evidence of an "extremely high probability of malingering" on a memory test. (AR 63, 420.)

At step four, the ALJ found that Plaintiff is unable to perform his past relevant work as a security guard, heat treater II, and mail handler. (AR 64-65.) The ALJ, however, did find there were other jobs existing in significant numbers in the national economy that Plaintiff can perform, including packing line worker and assembler of small products. (AR 65.)

Consequently, the ALJ concluded that Claimant is not disabled within the meaning of the Social Security Act. (AR 66.)

## DISCUSSION

The Appeals Council's denial of Plaintiff's appeal must be reversed. The Appeals Council's denial was erroneous because it failed to present specific, legitimate reasons for discounting the disability rating decision of the Veterans Administration ("VA") finding Plaintiff unemployable.

### I. THE ALJ'S RFC IS SUPPORTED BY SUBSTANTIAL EVIDENCE

The first two issues raised by the Plaintiff are challenges to the ALJ's RFC. An RFC is not a medical determination, but an administrative finding or legal decision reserved to the

Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all the relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 466 F.3d at 883.

### A. The ALJ Properly Considered Plaintiff's Shoulder Ailment

The ALJ's RFC asseses for Plaintiff of a limitation of "no overhead work with the right upper extremity." (AR 59-60.) This RFC limitation was based in part on the RFC assessment of consulting examiner Dr. Mark Borigini. (AR 426.) Plaintiff asserts that the ALJ committed error because the ALJ also did not incorporate into his RFC Dr. Borigini's opinion that Plaintiff could do chest level work on the right side "perhaps occasionally." The Court disagrees.

The ALJ, in weighing medical source opinions, will consider the opinion's consistency with the record as a whole. 20 C.F.R. § 404.1527(d)(4). Where a treating doctor's opinion is not contradicted by another physician, it may be rejected only for "clear and convincing" reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). If it is contradicted by another physician's opinion, the ALJ may reject the treating physician's opinion only by providing specific, legitimate reasons, supported by substantial evidence in the record. Id. at 830-31. To the extent that Dr. Borigini's omitted chest limitation conflicts with the ALJ's RFC, there is both a specific and legitimate, and a clear and convincing reason, for omitting it, namely Plaintiff's lack of credibility, a finding that Plaintiff does not challenge. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (treating physician's opinion based on subjective complaints of claimant whose credibility has been discounted and properly disregarded); Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995) ("an opinion of disability premised to a large extent upon claimant's own accounts of his symptoms and limitations may be disregarded, once those complaints have themselves been properly discounted").

Claimant was injured in a 2007 altercation resulting in a right shoulder injury. (AR 60.) He received a cortisone injection and acupuncture, which did not help. (AR 59-60.) In September 2007, he was diagnosed with right rotator cuff tear. (AR 61.) Yet in late September

6

2007, he played basketball and felt "ok at the time" (AR 61, 234) and continued to play sports. (AR 234, 481.) In October 2007, he reported that he still was able to work maintaining vending machines. (AR 61.) In January 2008, he reported pain when throwing a baseball. (AR 481.) In 2009, he reported working doing laundry and also shooting hoops and doing push-ups, including 800 high energy push-ups. (AR 63, 336, 346.) A Third Party Function Report indicated Plaintiff continued to play sports. (AR 177.) He also worked as a grocery clerk in 2008 bagging groceries and was a cook and kitchen cleaner. (AR 134, 152, 165-166.) In December 2008, Plaintiff was discharged from a VA clinic (for intoxication) with no physical limitations. (AR 61, 277.) In February 2009, he had a physical with no limitations. (AR 62.) In March 2009, he reported that the cortisone injection the year before provided "great relief of pain" and he was "currently . . . able to do all activities." (AR 62.) An X-ray of the shoulder revealed no abnormality in April 2009. (AR 64, 428.) State agency reviewing physician Dr. Dudley noted Plaintiff was not on any pain medications. (AR 449.) State agency reviewing physician Dr. Cunanan determined Plaintiff was capable of light work with limited overhead reaching with the right hand. (AR 63, 445.)

The ALJ gave great weight to the opinions of Dr. Borigini and the two State medical examiners. (AR 64.) He also rejected Plaintiff's statements of disability to the extent they are inconsistent with the RFC. (AR 60.) Plaintiff does not challenge the ALJ's adverse credibility finding. Thus, there was nothing inappropriate or erroneous in adopting only the portion of Dr. Borigini's opinion of no right shoulder overhead reaching that was consistent with Dr. Cunanan's RFC and other physician findings in view of Claimant's lack of credibility due to inconsistent activities (sports, work), the lack of medical evidence of any abnormality (normal X-ray, no pain medications), and his admissions that he had relief from pain and was able to do all activities. (AR 62.) There was no error in omitting any chest reaching limitation.

**B.     The ALJ Properly Considered The Lay Witness Testimony**

Plaintiff contends that the ALJ erred in not considering the lay witness statements of M. Louise Auer and Randolph Brown. The Court disagrees.

### 1. Relevant Federal Law

Lay witness testimony regarding a claimant's symptoms is "competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001); Smolen, 80 F.3d at 1288-89 (to reject lay witness testimony, ALJ must make findings "germane to each witness, and supported by substantial evidence"). The reasons germane to each witness must be specific. Bruce v. Astrue, 557 F.3d 1113, 1115 (9th Cir. 2009). Lay witness testimony cannot be disregarded without comment. Stout v. Comm'r, 454 F.3d 1050, 1053 (9th Cir. 2006). In rejecting lay witness testimony, the ALJ need not cite the specific record as long as "arguably germane reasons" for dismissing the testimony are noted, even though the ALJ does not "clearly link his determination to those reasons" and substantial evidence supports the ALJ's decision. Lewis, 236 F.3d at 512. The ALJ also may "draw inferences logically flowing from the evidence." Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

### 2. Analysis

M. Louise Auer completed a statement reporting that Claimant has memory lapses, constant headaches, PTSD, and anxiety attacks. (AR 172.) Randolph Brown completed a Third Party Function Report stating that Mr. Auer has trouble remembering things and has nightmares at times. (AR 173-180.) Mr. Brown reported Mr. Auer can pay attention only for short periods (AR 178) and does not handle stress well. (AR 179.)

Plaintiff asserts that the ALJ did not consider these lay witness statements in his decision, but these witnesses merely reported the same symptoms alleged by Claimant that the ALJ rejected in his decision. The ALJ was not required to address the lay witness statements further because, "[i]n light of our conclusion that the ALJ provided clear and convincing reasons for rejecting [the claimant's] own subjective complaints, and because the [lay witness'] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [the lay witness'] testimony." Valentine v. Commissioner Soc. Sec. Adm., 574 F.3d 685, 694 (9th Cir. 2009).

The ALJ fully addressed Plaintiff's mental impairment allegations, considered the same symptoms reported by the lay witnesses, and addressed those symptoms in the RFC. The ALJ found that Claimant has the severe impairments of bipolar disorder, organic mental disorder, and post-traumatic stress disorder. (AR 58.) He acknowledged Claimant's allegation that he has "difficulty remembering and concentrating." (AR 59.) He acknowledged Claimant's Function Report that states he is too anxious to drive, difficulty with concentration and memory, panic attacks, headaches and sleeps only a couple of hours a night. (AR 60.) The ALJ also acknowledged the report of Randolph Brown (although not by name) that notes Claimant has difficulty remembering things. (AR 60, 6E/6, 178.)

Thus, Plaintiff alleged the same symptoms reported by the lay witnesses and the ALJ acknowledged and discounted those symptoms in determining Plaintiff's RFC. Consulting psychiatrist Dr. Jane Li diagnosed mood disorder, bipolar disorder, and alcohol dependence in remission. (AR 62.) An MRI of the brain was normal. (AR 62.) Consulting psychologist Harrell Reznick, Ph.D., opined that Plaintiff could perform simple and repetitive tasks with minimal supervision and tolerate ordinary work pressures and interact satisfactorily with others in the workplace. (AR 63.) This also was the opinion of State agency reviewer Dr. Dudley. (AR 63, 442.) Relying on these assessments (AR 64) and the other evidence of record, the ALJ found that Plaintiff's statements, which would include those regarding memory, anxiety and headaches, were not credible to the extent inconsistent with RFC. (AR 60.) Thus, the ALJ's reasons for rejecting Plaintiff's subjective symptoms were sufficient to reject the same symptoms reported by the lay witnesses. There was no error.

The ALJ's RFC and non-disability determination is supported by substantial evidence and free of legal error.

**II. THE APPEALS COUNCIL DID NOT PROPERLY CONSIDER PLAINTIFF'S NEW EVIDENCE SUBMITTED AFTER THE ALJ OPINION WAS ISSUED**

Plaintiff's final argument is that he provided new and material evidence regarding the VA's unemployability decision to the Appeals Council that the ALJ should have obtained and considered. Alternatively, the Appeals Council erred in its consideration of that evidence.

Remand, says Plaintiff, is therefore necessary. The Court disagrees that the ALJ erred, but the Appeals Council failed to explain its reasons for discounting the VA's disability decision.

At the March 25, 2010, hearing, Claimant testified he had a hearing the month before for 100% disability for complete unemployability from the VA. (AR 32.) The ALJ's response was, "That's fine. That's a different proceeding." (AR 32.) When Plaintiff's attorney asked him what was said at the VA hearing, the ALJ intervened, "You know, you don't have to answer that, it's irrelevant today." (AR 37.) Plaintiff later in the hearing again testified that he had a VA hearing for unemployability on February 18, 2010. (AR 44.) The unfavorable ALJ decision was issued April 17, 2010. (AR 66.)

After the ALJ hearing and as part of the appeal, Plaintiff submitted new evidence to the Appeals Council. Specifically, Plaintiff submitted the report (AR 792-96) of Jeanne Haislett, Ph.D., who concluded, "The claimant experiences significant cognitive and emotional deficits that make him totally and permanently disabled." (AR 796.) Plaintiff also submitted the VA's rating decision dated December 21, 2010, that Plaintiff was not employable with a 70% rating for a service-connected traumatic brain injury and an increase from 50% disabled to 70% disabled for PTSD with panic disorder. (AR 798-814.) The Appeals Council made the new evidence part of the record. (AR 5.) The Appeals Council then denied Plaintiff's appeal, ruling that "we considered the additional evidence" but found no reason to change the ALJ's decision. (AR 1.)

Plaintiff argues that the ALJ erred in failing to meet his duty to develop the record by obtaining and considering the VA disability rating and its supporting medical evidence. Plaintiff relies on two Ninth Circuit decisions that are instructive but not decisive regarding the ALJ's ruling. In <u>McCartey v. Massanari</u>, 298 F.3d 1072 (9th Cir. 2002), the Ninth Circuit held that an ALJ erred by failing to consider or mention a VA finding of unemployability with a total disability rating of 80% that had been issued <u>before</u> the ALJ decision. <u>Id.</u> at 1073-74. The Ninth Circuit also held that although a VA rating does not compel the SSA to reach an identical result, an ALJ must give "great weight" to a VA determination of disability. <u>Id.</u> at 1076. An ALJ, however, may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for

doing so that are supported in the record. Id. More recently in McLeod v. Astrue, 640 F.3d 881 (9th Cir. 2011), the Ninth Circuit held that the ALJ failed to meet his duty to develop the record under Tonapetyan, 242 F.3d at 1150, by not obtaining a VA disability rating when Plaintiff's testimony that he was receiving a VA pension made it likely he had one. Id. at 886. In both of these cases, there were VA disability ratings in existence at the time of the hearing or ALJ decision. In this case, the ALJ hearing occurred on March 25, 2010, and the unfavorable ALJ decision was issued on April 17, 2010. The VA disability decision was not issued until December 21, 2010, over eight months later. Unlike McCartey and McLeod, there was no VA disability decision to obtain or consider at the time of the ALJ decision. The ALJ's RFC and non-disability determination, which must be based only on evidence that was before the ALJ, Angst v. Astrue, 351 Fed. Appx. 227, 229-30 (9th Cir. 2009) (Rymer, Jr., concurring), is supported by substantial evidence and free of legal error. The ALJ's comment that the VA proceeding was "irrelevant" was incorrect as a matter of law, but harmless. Stout, 454 F.3d at 1056 (error is harmless if no reasonable ALJ could have reached different disability determination).

This is not the end of the matter. The Appeals Council incorporated the new evidence into the record (AR 5) and considered it, finding no reason to change the ALJ's decision. (AR 1.) The Appeals Council, however, gave no reasons for its decision. Sentence six of 42 U.S.C. § 405(g) allows a court to remand for consideration of additional evidence only if Plaintiff shows that (1) new evidence is material to his disability, and (2) he has good cause for failing to submit the evidence earlier. Mayes v. Massanari, 276 F.3d 453, 462 (9th Cir. 2001). To be "material," the evidence must present a "reasonable possibility" of changing the administrative decision. Id. The VA decision and supporting medical evidence was not available before the ALJ decision, is plainly material, and presents a reasonable possibility of changing the administrative decision.

The Commissioner argues that the VA did not have the benefit of the consulting examiner reports of Dr. Borigini and Dr. Reznick who found a high probability of malingering (AR 420), which justify the Appeals Council's denial of Plaintiff's appeal. These reasons,

however, were not set forth by the Appeals Council and consequently the Court has no record or basis for assessing whether the Appeals Council gave proper weight to the VA disability decision as required by McCartey and McLeod. The case, therefore, must be remanded to the Appeals Council for further proceedings.

## ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is REVERSED and REMANDED for further proceedings in accordance with this Memorandum Opinion and Order and with law.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: April 18, 2012

*/s/ John E. McDermott*
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE